**JAMES McGUIRE, Appellant**

**v.**

**ZONING BOARD, Appellee and**

**OTTOVILLE DEVELOPMENT CORP., Appellee/Intervenor**

High Court of American Samoa
Appellate Division

AP No. 4-91

May 17, 1994

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, WARD,[*] Acting Associate Justice, TAUANU`U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Appellant, Reginald E. Gates
 For Appellee, Douglas J. Juergens, Assistant Attorney General
 For Appellee/Intervenor, Roy J.D. Hall, Jr.

Order Denying Zoning Board's Petition for Rehearing:

Appellee Zoning Board ("the Zoning Board") has petitioned the court for rehearing pursuant to A.C.R. Rule 40(a), which states, in part: "The petition shall state with particularity the points of law or fact which . . . the court has overlooked or misapprehended." The Zoning Board's petition for rehearing focuses on neither law nor fact, but rather on *dicta* arising out of the court's statutorily required review of the Zoning Board's agency record. The court *ruled* it did not have jurisdiction to hear this appeal, based upon its review of the record and the applicable statutes, administrative rules, and court rules.

The court also addressed procedures to be followed in *future* administrative proceedings involving zoning-variance requests that would aid future judicial review proceedings. Most of these recommendations were intended to highlight what the court would concentrate upon in reviewing an agency record. One such salient point in the judicial review of an agency record spanning a period of approximately three and one-half

---

[*] Honorable John L. Ward II, District Court Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

years would be whether or not mandatory lapse provisions of statutes or administrative rules were clearly addressed in that particular agency's record.

█ The Zoning Board, and not this court, has the jurisdiction to decide, if necessary in the course of the administrative process related to this proceeding, the issue raised in the Zoning Board's petition for rehearing. The petition is therefore denied.

It is so ordered.